UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH L. MARTIN,<br><br>          Plaintiff,<br><br>     v.<br><br>SUMMERLIN HOSPITAL THERAPY, et al.,<br><br>          Defendants. | Case No. 3:21-cv-00247-MMD-CSD<br><br>ORDER |

**I.   DISCUSSION**

On August 8, 2022, the Court issued a screening order in this civil-rights action, permitting one claim to proceed and dismissing the remaining claim with leave to amend. (ECF No. 17 at 11-12.) The Court granted Plaintiff 30 days from the date of that order to file a third amended complaint curing the deficiencies of the second amended complaint. (*Id.* at 12.) The Court specifically stated that if Plaintiff chose not to file a third amended complaint, the action would proceed only on the Fourteenth Amendment claim for inadequate medical care. (*Id.*) Plaintiff has not filed a third amended complaint.

Pursuant to the screening order, this action will proceed against Defendants Perkins, Elizabeth, Marcos, Williamson, and McNinney on the Fourteenth Amendment claim for inadequate medical care. This claim will also proceed against Defendant Jane Doe Nurse when Plaintiff discovers her identity.

**II.   CONCLUSION**

For the foregoing reasons, it is ordered that, pursuant to the Court's screening order (ECF No. 17), this action will proceed against Defendants Perkins, Elizabeth, Marcos, Williamson, and McNinney on the Fourteenth Amendment claim for inadequate medical care. This claim will also proceed against Defendant Jane Doe Nurse when Plaintiff discovers her identity.

It is further ordered that the Clerk of Court **will issue** a summons for Defendant McNinney, **and deliver the same**, to the U.S. Marshal for service. The Clerk also **will**

**send** sufficient copies of the second amended complaint (ECF No. 14) and this order to the U.S. Marshal for service on Defendant McNinney.

It is further ordered that the Clerk **will send** to Plaintiff **one (1)** USM-285 form. Plaintiff will have **thirty (30) days** within which to furnish to the U.S. Marshal the required USM-285 form with relevant information as to Defendant McNinney on the form.

It is further ordered that within **twenty (20) days** after receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished on Defendant McNinney, Plaintiff must file a notice with the Court indicating whether Defendant McNinney was served. If Plaintiff wishes to have service again attempted on an unserved Defendant, then a motion must be filed with the Court identifying the unserved Defendant and specifying a more detailed name and/or address for said Defendant, or whether some other manner of service should be attempted.

It is further ordered that Plaintiff will serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

The Court requests that Defendants Perkins, Elizabeth, Marcos, and Williamson waive service of summons and of the second amended complaint (ECF No. 14) by

executing, or having counsel execute, a Waiver of Service of Summons. *See* Fed. R. Civ. P. 4(d). Such Waiver must be filed with the Court within 30 days of the issuance of this order. If Defendants choose to return the Waiver of Service of Summons, their answer or other appropriate response to the second amended complaint (ECF No. 14) will be due within 60 days of the issuance of this order. *See* Fed. R. Civ. P. 12(a)(1)(A)(ii); *see also* 42 U.S.C. § 1997e(g)(2).

The Court instructs the Clerk's Office to mail the following documents to Defendants Perkins, Elizabeth, Marcos, and Williamson:

(a) the second amended complaint (ECF No. 14); and

(b) this order which includes the Notice of Lawsuit and Request to Waive Service of Summons; and the Waiver of Service of Summons form.

DATED:  September 15, 2022.

_____
United States Magistrate Judge

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH L. MARTIN,<br><br>    Plaintiff,<br><br>v.<br><br>SUMMERLIN HOSPITAL THERAPY, et al.,<br><br>    Defendants. | Case No. 3:21-cv-00247-MMD-CSD<br><br>**RULE 4 NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS** |

TO:    Defendants Perkins, Elizabeth, Jay Michael Marcos, and Larry Williamson
         c/o Las Vegas Metropolitan Police Department
         400 S. Martin Luther King Blvd., Bldg. B
         Las Vegas, NV 89106

    A lawsuit has been filed against you or individuals/entities which you represent in this Court under the number shown above. A copy of the second amended complaint (ECF No. 14) is attached. This is not a summons or an official notice from the Court. It is a request that—to avoid the cost of service by the United States Marshals Service—Defendants waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, Defendants must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

    If you file the signed waiver, the action will then proceed as if Defendants were served on the date the waiver is filed, but no summons will be served, and Defendants swill have 60 days from the date this notice is sent to answer the second amended complaint. If Defendants do not return the signed waiver within the time indicated, the Court will order the United States Marshals Service to personally serve the summons and the second amended complaint on Defendants and may impose the full costs of such service. Please read the statement below about the duty to avoid unnecessary expenses.

Dated: September 15, 2022

                                                                 */s/ CSD*
                                                              United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and the operative complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the Court has no jurisdiction over this matter or over a defendant or a defendant's property.

If the waiver is signed and filed, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must—within the time specified on the waiver form—serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the Court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH L. MARTIN,<br><br>    Plaintiff,<br><br>v.<br><br>SUMMERLIN HOSPITAL THERAPY, et al.,<br><br>    Defendants. | Case No. 3:21-cv-00247-MMD-CSD<br><br>**RULE 4 WAIVER OF SERVICE OF SUMMONS** |

TO:   The United States District Court for the District of Nevada

The following Defendants acknowledge receipt of your request to waive service of summons in this case.  Defendants also received a copy of the second amended complaint (ECF No. 14.)  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the second amended complaint in this action by not requiring that the following be served with judicial process in the case provided by Rule 4 of the Federal Rules of Civil Procedure:

_____;
_____;
_____;
_____;

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.  Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and that default judgment will be entered against them if they fail to do so.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)